# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

THOMAS NAPIER,

          Plaintiff,

v.                                                  CIVIL ACTION NO.  3:18-0254

LINCOLN COUNTY SHERIFF'S OFFICE and
ZACH SOWARDS, in his official and individual capacity,

          Defendants.

## MEMORANDUM OPINON AND ORDER

Pending before the Court is a Motion to Dismiss by Defendant Lincoln County Sheriff's Office (LCSO). ECF No. 10. For the following reasons, the Court **HOLDS THE MOTION IN ABEYANCE**.

In his Complaint, Plaintiff Thomas Napier alleges that, on April 2, 2016, his family took him to the emergency room at St. Mary's Medical Center because it appeared he had overdosed. *Compl.* at ¶¶ 6, 7. Medical records describe Plaintiff "as 'disoriented', 'combative', and having an 'altered mental status[,]'" and provide Plaintiff's ankles and wrists were restrained for safety by order of a physician. *Id*. at ¶¶ 10, 11. Plaintiff also was given "an antipsychotic drug to stabilize his mood." *Id*. at ¶ 12. At some point, Defendant Zach Sowards, who was employed as a Deputy Sheriff by Defendant LCSO at the time, got involved and "used a taser to shock [Plaintiff] multiple times to subdue him while [Plaintiff's] wrists and ankles remained tied down." *Id*. at ¶¶ 1, 5, 13, 14. As a result, Plaintiff states he sustained bruises, burns, extreme pain, humiliation, and emotional distress. *Id*. at ¶ 1.

Plaintiff alleges "Defendant Sowards acted willfully, deliberately, maliciously, and with reckless disregard for his constitutional and statutory rights[.]" *Id*. at ¶ 18. Additionally, Plaintiff asserts that Defendant LCSO "as a matter of policy, practice, and/or custom," acted "with deliberate indifference" by not having "appropriate policies" and failing to "adequately discipline, train, supervise, or otherwise direct deputy sheriffs, including Defendant Sowards, in the proper use of force, specifically the use of electronic control devices such as tasers, thereby causing Defendant Sowards to engage in the unlawful, excessive, and reckless use of force described above." *Id.* at ¶ 19. Plaintiff also asserts Defendant LCSO acted with deliberate indifference by failing "to conduct proper, adequate, and meaningful investigations of the use of force, including the use of electronic control devices such as tasers, thereby causing and encouraging deputy sheriffs, including Defendant Sowards, to engage in the unlawful conduct described above." *Id*. at ¶ 20. Additionally, Plaintiff alleges that Defendant LCSO was deliberately indifferent because it did not "provide adequate training, supervision, and discipline regarding the proper use of force, specifically the use of electronic control devices such as tasers, [which] was a proximate cause and substantial factor in . . . Plaintiff . . . being subjected to excessive force by Defendant Sowards." *Id*. at ¶ 21. Plaintiff asserts that this conduct and these acts proximately caused his injuries and was in violation of the Fourth Amendment and 42 U.S.C. § 1983. *Id*. at ¶¶ 22, 24. He also asserted a claim for assault, battery, and intentional infliction of emotional distress under state law. *Id*. at ¶ 26.

Defendant LCSO now moves to dismiss the allegations against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant LCSO argues that Plaintiff's claims are stated in broad terms and lack factual support. In Response, Plaintiff

concedes that his claims for assault, battery, and intentional infliction of emotional distress, based upon Defendant Soward's actions, should be dismissed with respect to Defendant LCSO. However, Plaintiff argues that his claim against the LCSO under § 1983 are sufficient under the Rule.

Although the parties argue over whether there is a sufficient factual basis for Plaintiff's § 1983 claims, the Court finds a more fundamental problem. Here, Plaintiff has sued the "Lincoln County Sheriff's Office." However, a sheriff's office is not a proper party because it is not a suable entity. *See Zsigray v. Cty. Comm'n of Lewis Cty.*, No. 2:16-CV-64, 2017 WL 462011, at *2 (N.D. W. Va. Feb. 2, 2017) (Bailey, J.) (dismissing claims against the Lewis County Sheriff's Office and stating that "while West Virginia law authorizes suits against a county commission/council, it does not contain any similar provision for county sheriff's offices");[1] *Simpkins v. Logan Cty. Sheriff's Dep't*, No. 2:13-CV-16613, 2014 WL 4072066, at *2 (S.D. W. Va. Aug. 14, 2014) (Johnson, J.) (holding that the Logan County Sheriff's Department "is not a legal entity that can be liable for any injury alleged by Plaintiff, [therefore] the claims against it must be dismissed"); *Rankin v. Berkeley Cty. Sheriff's Dep't*, 222 F.Supp.2d 802, 807 (N.D. W. Va., Sept. 19, 2002) (Broadwater, J.) (holding that the Berkeley County Sheriff's Department is not a cognizable legal entity); *Kowalyk v. Hancock Cty.*, No. 5:08-CV-181, 2009 WL 981848, at *2 (N.D. W. Va. Apr. 9, 2009) (Stamp, J.) (finding "the Hancock County Office of the Sheriff has no status independent of the Sheriff in his official capacity which would permit that office to sue and be sued"); *see also Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (holding

---

[1] *Aff'd sub nom. Zsigray v. Cty. Comm'n of Lewis Cty., W. Va.*, 709 F. App'x 178 (4th Cir. 2018).

"[t]he separate claim against the 'Office of Sheriff' [in Charles County, Maryland] was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government of which this 'office' is simply an agency"). However, as the Court is raising this issue *sua sponte*, and Defendant LCSO has not argued it should be dismissed for this reason, the Court will permit Plaintiff to file a motion to amend his Complaint to name the appropriate entity. If Plaintiff chooses to file a motion to amend, he must do so **on or before Friday, October 26, 2018**. Any Response shall be due **within 14 days** of the motion to amend. Plaintiff shall have **7 days** to file a Reply. In the interim, the Court **HOLDS IN ABEYANCE** Defendant LCSO's Motion to Dismiss. ECF No. 10.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 17, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE